IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-92-FL

| | |
|---|---|
| RACHEL MARIE SIDDONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings. (DE 24, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), (DE 29), which recommended that this court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R, (DE 30), and defendant's response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R and grants defendant's motion.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 29, 2010, alleging disability beginning on November 7, 2009. A hearing was held before an Administrative Law Judge ("ALJ"), who denied plaintiff's application on November 17, 2011. The appeals council denied plaintiff's request for review on February 8,

2013. Plaintiff filed a complaint in this court seeking review of the final administrative decision on April 16, 2013. On July 22, 2014, the magistrate judge issued the M&R.

**DISCUSSION**

A.      Standard of Review

This court has jurisdiction to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g) . In conducting this review, the court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing whether substantial evidence supports an ALJ's determination, the court must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C.

2

§ 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process. This five-step process asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. In step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 7, 2009. (Tr. 34). At step two, the ALJ found that plaintiff had the following severe medical impairments: diabetes mellitus with neuropathy, hypertension with left atrial enlargement, asthma, mood disorder, irritable bowel syndrome, diverticulitis, and kidney stones. Id. At step three, the ALJ determined that

3

plaintiff's severe impairments were not enough, individually or in combination, to meet or medically equal one of the listed impairments in the regulations. (Tr. 35).

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform "sedentary work," subject to the following restrictions: she can only stand short periods and walk short distances, and she would require a cane for anything further; she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps or stairs; she can occasionally stoop, and frequently perform all other postural activities; she needs to avoid even moderate exposure to pulmonary irritants or work hazards; she must have restroom access in the work area; she is limited to simple, repetitive tasks in a routine, non-production work environment; and she can have only occasional interpersonal contact with others. (Tr. 37). In making this determination, the ALJ found plaintiff's statements about the severity, persistence, and limiting effects of her symptoms not wholly credible. (Tr. 37-38). At step four, the ALJ found that plaintiff did not have the RFC to perform her past relevant work. (Tr. 41). At step five, upon consideration of plaintiff's age, education, work experience, and RFC, in addition to the testimony of plaintiff's vocational expert ("VE"), the ALJ concluded plaintiff was capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 41). Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (Tr. 42).

B.  Analysis

Plaintiff raises three objections to the M&R. Specifically, plaintiff argues that: 1) the ALJ did not properly weigh the medical testimony of plaintiff's treating physician; 2) the ALJ improperly found plaintiff not fully credible in testifying as to the side effects of her medication; and 3) the ALJ

improperly found plaintiff not fully credible in testifying to her need for assistance to ambulate. The court addresses these objections in turn below.

1.      Objection One - Weight of Dr. Skarda's Opinion

Plaintiff objects to the ALJ's decision not to afford controlling weight to the opinion of Dr. Karen Skarda, plaintiff's treating physician. The ALJ must weigh and evaluate all medical opinions received, regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, opinions of treating sources are given greater weight than opinions of non-treating sources, such as consultative examiners. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). While a treating source's opinion usually is afforded "great weight," the ALJ is not required to afford it "controlling weight." Craig, 76 F.3d at 589-90. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. at 590. If the ALJ determines a treating source's opinion should not be given controlling weight, then the ALJ must evaluate and weigh the opinion according to the following non-exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527). The ALJ must state the weight given to a treating source's medical opinion and provide specific reasons for the weight given to those opinions. SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In this case, the ALJ's decision to give less weight to the opinion of plaintiff's treating physician is supported by substantial evidence. Dr. Skarda opined that plaintiff could lift ten pounds occasionally and five pounds frequently, sit one hour in an eight hour day, stand and/or walk

5

one hour in an eight hour day, never push or pull, and never bend or stoop. Dr. Skarda also opined that plaintiff would miss more than four days per month (Tr. 408). The ALJ gave the opinion little weight, however, explaining that

> [t]he record does not support the claimant's inability to push/pull or bend/stoop. [Plaintiff] reported that her activities of daily living included housework and driving, and she testified that she could walk stand/walk for two hours. The undersigned has accommodated [plaintiff's] limitations by limit[ing] her to sedentary exertion, and the evidence supports a finding that she can work a full-time or equivalent work schedule.

(Tr. 40).

Plaintiff objects that the ALJ failed to counter Dr. Skarda's opinion regarding plaintiff's restricted ability to sit, bend or stoop. However, the ALJ explained that the record did not support her ability to bend or stoop, and that he had "accommodated the claimant's limitations by limit[ing] her to sedentary exertion, and the evidence supports a finding that she can work a full-time or equivalent work schedule." (Id.). As the ALJ noted elsewhere in his decision, plaintiff herself testified that she could sit for two hours *at a time*, not for a mere one hour over the course of an eight hour day. (Tr. 13-14; 37). Furthermore, while treatment records do note instances of knee and leg pain, and while plaintiff testified to having difficulty in bending and stooping, the evidence does not document limitations so severe as to completely preclude plaintiff from bending or stooping. Rather, as the ALJ noted, "[b]esides some minimally reduced range of motion in her knees, examinations revealed full range of motion and strength through the remainder of [plaintiff]'s body." (Tr. 40). In addition, the ALJ noted that plaintiff testified to driving, performing housework, and cleaning (Tr. 39, 40, 41-42). While plaintiff may desire that the court assign a different weight to the evidence concerning her daily life activities in light of her testimony, the court is not to

6

"re-weigh conflicting evidence." Mastro, 270 F.3d at 176. The matters cited by the ALJ constitute substantial evidence conflicting Dr. Skarda's opinion that plaintiff could "never" bend or stoop.

In sum, substantial evidence supports the ALJ's determination to give "little weight" to Dr. Skarda's opinion.

        2.        Objection Two - ALJ's Finding on Plaintiff's Credibility Regarding the Side Effects of Medication

Plaintiff assigns error to the ALJ's determination that plaintiff lacked credibility in alleging fatigue from medication. Social Security Ruling 96-8p requires the ALJ to consider "*all* of the relevant evidence in the case record," in assessing RFC, including "side effects of medication." SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). In addition, Social Security Ruling 96-7p requires the ALJ to consider the side effects of medication in assessing the credibility of plaintiff's statements about symptoms and their effects. SSR 96-7p, 1996 WL 374186, at *3. However, "[d]rowsiness often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations." Johnson, 434 F.3d at 658.

In evaluating plaintiff's credibility and setting RFC, the ALJ noted that plaintiff had "alleged that her medications made her drowsy and tired, requiring her to lie down several times per day. She testified that she reported these complaints and side effects to her medical providers, but the record does not reflect such reports." (Tr. 41). Plaintiff argues that the ALJ erred because plaintiff did in fact report her fatigue to medical providers. However, as the M&R notes, the record does not reflect that plaintiff reported the need to lie down several times a day as a result of this fatigue. Thus, the ALJ was correct that plaintiff had not made "such reports" as she made at her hearing.

7

Plaintiff objects to this explanation of the ALJ's finding, arguing that it constitutes "hair-splitting." (Obj., 5). Yet plaintiff's allegation that her medicine required her to lie down several times each day was a critical consideration, because it purported to supply the "serious functional limitation" that must accompany drowsiness or fatigue from medication, as required by Johnson. It is not "hair-splitting" to observe that plaintiff's reports of fatigue to medical providers lacked a reference to this limitation, or that medical providers failed to make other notes corroborating such a readily apparent, severe limitation. Because medical records failed to document this functional limitation, substantial evidence supported the ALJ's decision to discredit her testimony. See Flowers v. Apfel, No. 98-2112, 1999 WL 150491, at *2 (4th Cir. March 19, 1999) (holding that plaintiff's allegation that he needed to lie down for one to three hours following a seizure was not supported by the record because he never reported it to a treating physician); Howell v. Astrue, No. 5:11-CV-673-FL, 2012 WL 6916817, at *9 (E.D.N.C. Dec. 27, 2012) ("While the ALJ did not expressly acknowledge Claimant's testimony that she is 'really sleepy' from Lyrica, the ALJ stated that the 'medical evidence does not indicate medication side effects that would preclude work activity' . . . . There are no physician reports in the medical record showing Claimant's fatigue to produce additional limitations."), report and recommendation adopted, 2013 WL 239180 (E.D.N.C. Jan. 22, 2013); Wilkerson v. Astrue, No. 7:10-CV-77-D, 2011 WL 3951165, at *5 (E.D.N.C. Aug. 19, 2011) (holding ALJ decision to discount credibility supported when "the ALJ noted Claimant's testimony that she could not stand for more than 30 minutes, had to rest after walking only 10–20 minutes, had to lie down 2–3 times daily for 30 minutes, and needed both hands to lift a gallon of milk—but that the record did not reflect that she had reported any of those restrictions to her physicians or that any physician had independently observed what should have been readily apparent

'chronic severe functional limitations.' "), report and recommendation adopted, 2011 WL 3957260 (E.D.N.C. Sept. 7, 2011).

Plaintiff also objects that the ALJ's decision did not itself make a distinction between reports of fatigue and reports of lying down, and therefore that this reasoning cannot be used to support the ALJ's decision. Plaintiff relies on SEC v. Chenery Corp., 318 U.S. 80, 87 (1943), for the proposition that a reviewing court may not affirm an agency decision based on reasoning that the agency itself never considered in its administrative proceedings. However, the ALJ expressly noted plaintiff's allegation that she needed to lie down several times each day in describing the type of reports that the record fails to include. It was not necessary to further detail the distinction between fatigue and lying down.

    3.    Objection Three - ALJ's Finding on Plaintiff's Credibility Regarding the Side Effects of Medication

Finally, plaintiff objects that "[t]he ALJ suggested that [plaintiff] lacked credibility because she said she cannot walk for more than a short distance without needing a cane." (Obj., 9). Yet this mischaracterizes the ALJ's determination. The ALJ did not find plaintiff lacked credibility by alleging that she needed a cane to walk "for more than a short distance" without a cane – indeed, the ALJ's determination of plaintiff's RFC included the limitation that plaintiff "can only stand short periods and walk short distances, *and she would require a cane for anything further*." (Tr. 36) (emphasis added). Rather, the ALJ found plaintiff lacked credibility through her representation at hearing that her limitations were so severe that she needed a cane even for *short* distances.

At hearing, the ALJ noted that plaintiff "came in and actually Counsel was assisting you." (Tr. 13). As the decision states:

9

> Although she presented as needing assistance from counsel to ambulate and get in and out of her chair due to neuropathy, the medical records do not corroborate *this level of limitation*. Besides some minimally reduced range of motion in her knees, examinations revealed full range of motion and strength through the remainder of [plaintiff's] body. Her activities of daily living, which included driving, cleaning, and housework, did not suggest she is unable to ambulate without assistance *for short distances*.

(Tr. 42) (emphasis added).

Thus, the ALJ found that plaintiff lacked credibility to the extent that she portrayed, through her actions, that she needed counsel's assistance to get in and out of her chair and to ambulate to the hearing room. In her briefs to support her motion on the pleadings and her objections, Plaintiff does not contend that she needs a cane to walk short distances. In light of the examination findings noted, along with plaintiff's activities of daily living, and where no medical record evidence otherwise suggests that plaintiff needs a cane for short distances, this finding of credibility had substantial evidentiary support.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge, (DE 29), DENIES plaintiff's motion, (DE 24), GRANTS defendant's motion, (DE 26), and upholds the final decision of the Commissioner.

SO ORDERED this the 5th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge